### MARY A. WARD v. T. M. WARD ET AL.

RIGHT OF A LIFE TENANT TO AN APPORTIONMENT OF ASSESSMENTS AGAINST PROPERTY WHICH IS BEING PARTITIONED.

    The owner of a life estate in land can, in action for partition, under the provisions of section 2268 of the Revised Statutes of Ohio, have the court apportion sidewalk assessments, levied on the land and paid by him, between himself as owner of the life estate and those who own the fee, in proportion to the relative value of the improvement to their respective estates.

HEARD on appeal.

SMITH, J.

Two of the three judges who considered this case are of the opinion that under the provisions of section 2268, Rev. Stats., Mrs. Ward, who is the owner of a life estate in, and also the owner in fee, by purchase of an heir, of an undivided one-eighth interest in the real estate described in the petition, of which partition is demanded by her, having paid in one payment a special assessment levied on said lands for a sidewalk, which assessment was payable in one payment, and having paid several installments of another assessment levied thereon, payable in one payment, or in equal installments, one-tenth each year for ten years, at the option of the person bound to pay it, as they became due, can now in this action have the court apportion the cost of these assessments between her as the owner of the life estate, and those who own the fee, in proportion to the relative value of the improvement to their estates respectively, to be ascertained and determined by the court on principles of equity; and that the fact that the life tenant in the one case voluntarily paid the whole of one of these assessments, and in the other case paid one or more of the installments as they became due, does not prevent such apportionment on equitable principles, and if in either case it is found that she has already paid more than the amount that she would be liable for, that she should have credit for it, or a decree for the amount so paid by her, over and above the amount which it is found by the apportionment she was bound to pay.

The parties in this case have agreed as to the relative value of those several improvements to the life estate, and to the fee simple estate. If, therefore, it be found by calculation, that the life tenant has, prior to this time, paid more than the aggregate amount of the assessments, which would be chargeable upon her life estate, and upon the share of the fee simple owned by her, we think she should be relieved from further payments on account thereof, and have a decree for the overplus so paid by her. If she has not already paid her full share as life tenant, and owner of a share in fee simple, the amount so paid by her should be credited to her on the amount which she ought to pay, and she only be required to pay the balance due from her.

    O. B. Jones, for Plaintiff.

    J. T. DeMar, W. A. Hicks and Gray & Tischbein, contra.